UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| OTOLOGICS, L.L.C., ) | |
| ) | Case No. 12-47045-705 |
| Debtor. ) | |
| ) | Hearing Date: May 27, 2015 |
| ) | Hearing Time: 10:00 a.m. |
| ) | |

**SECOND INTERIM APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES
FILED BY THOMPSON COBURN LLP, COUNSEL FOR THE DEBTOR**
(Summary of Request)

| | |
|---|---|
| **Name of Applicant** | Thompson Coburn LLP |
| **Date of Approval of Employment** | Approved on an interim basis on July 25, 2012 and on a final basis on August 15, 2012 |
| **Identity of Party Represented** | Counsel for the Debtor |
| **Time Period Requested** | November 1, 2012 through March 31, 2015 |
| **Amount of Fees Requested** | $101,919.50 |
| **Amount of Expenses Requested** | $22,207.51 |
| **Previous Fee Orders** | First Interim Fee Application Granted on January 2, 2013 for $124,721.00 in and expenses for $18,737.63 |
| **Interim or Final Application** | Second Interim |

COMES NOW Thompson Coburn LLP ("TC"), attorneys for Otologics, L.L.C. (the "Debtor") pursuant to 11 U.S.C. §§ 328, 330 and 331, and files this *Second Interim Application for Allowance of Fees and Expenses Filed by Thompson Coburn LLP Counsel for the Debtor* (the "TC Second Interim Fee Application"). In support thereof, TC states as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and E.D. Mo. L.R. 81-9.01(B)(1).

## BACKGROUND

2. On July 23, 2012 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is operating its businesses and managing its properties as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

3. On July 23, 2012, the Debtor filed an *Application for Employment of Thompson Coburn LLP as Counsel for the Debtor* (the "TC Employment Application"). On July 25, 2012, the Court approved the retention of TC on an interim basis and on August 15, 2012, it approved the retention on a final basis.

## TC ATTORNEYS' FEES AND EXPENSES

4. On December 17, 2012, TC filed an Amended First Interim Application for Allowance of Fees and Expenses Filed by Thompson Coburn LLP Counsel for the Debtor (the "TC First Interim Fee Application") requesting $124,721.00 in fees and $18,737.63 in expenses covering the period July 23, 2012 through October 31, 2012 (the "First Interim Period"). On January 2, 2013, the court entered an order granting the TC First Interim Fee Application and authorizing and directing Debtor to pay to TC the remaining unpaid portion of the approved fees and expenses (The "First Interim Order").

5. Subject to paragraph 9 hereof, the TC Second Interim Fee Application covers the period from November 1, 2012 through and including March 31, 2015 (the "Compensation Period").

6. TC maintains detailed daily records in the ordinary course of its business. These time records are prepared contemporaneously with the rendition of services to the client. These time records describe the person performing the services, the date services are rendered, a detailed description of services and the length of time spent delivering those services. These time records are kept in increments of one-tenth of an hour.

7. The services provided by TC during the Compensation Period have been actual and necessary. Reasonable compensation for such services based on the time, the nature, the extent and value of such services, and the costs of such services, other than in a case under this Title, is $101919.50. The amount of time recorded by each timekeeper is reflected on **Exhibit A**, A summary of the time entries is attached hereto as **Exhibit B**, and incorporated by reference herein.

8. TC has incurred expenses in this matter during the Compensation Period for which it seeks reimbursement in the aggregate sum of $22,207.51. A summary of the expenses is set forth on Exhibit A. TC notes that expenses relating the Intellectual Property related searches and maintenance filings comprise the bulk of the requested expenses.

9. TC has accounted for its time by using the standard US Trustee project codes modified slightly to fix the facts of this case. The project code accounting is included on **Exhibit A.**

### INFORMATION REQUIRED BY LOCAL RULES

10. L.B.R. 2016-1(B) requires that all professional fee applications analyze the twelve factors (the "*Johnson* Factors") for allowance of compensation set forth in *Johnson v. Georgia Highway Express*, 388 F.2d 714 (5th Cir. 1974). *See also P.A. Novelly v. Palans (In re Apex Oil*

*Co.)*, 960 F.2d 728 (8th Cir. 1992); *Chamberlain v. Kula (In re Kula)*, 213 B.R. 729, 736-39 (B.A.P. 8th Cir. 1997); *In re Grimes*, 115 B.R. 639, 642-43 (Bankr. D.S.D. 1990).

11. The *Johnson* Factors are as follows:

    A. <u>*The time and labor required*</u>. TC has described in detail the time spent and has included a complete description of the tasks performed.

    B. <u>*The novelty and difficulty of the questions*</u>. This is a typical Chapter 11 case.

    C. <u>*The skill required to perform legal services properly*</u>. The Court is certainly the best judge of the skill demonstrated by TC lawyers in this engagement. TC, however, believes that its lawyers have demonstrated consistently the skill levels necessary for the vigorous representation of the Debtor's interests.

    D. <u>*The preclusion of employment due to acceptance of the case*</u>. Acceptance of this case did not preclude other employment.

    E. <u>*The customary fee*</u>. The rates charged by TC in this case are commensurate with rates it charges similar clients in similar matters.

    F. <u>*Whether the fee is fixed or contingent*</u>. The fees requested herein are based on neither a fixed nor contingent fee basis.

    G. <u>*Time limitations imposed by the client or the circumstances*</u>. This case poses the normal time pressures inherent in any Chapter 11 case.

    H. <u>*The amount involved and the results obtained*</u>. TC submits that the fees requested are appropriate.

    I. <u>*The experience, reputation and ability of the attorneys*</u>. TC is a full service law firm well known in the St. Louis and Midwestern legal markets.

    J. <u>*The undesirability of the case*</u>. This is not an undesirable case.

    K. <u>*The nature and length of the professional relationship with the client*</u>. TC has represented Otologics, LLC for over ten years, going back to its roots in St. Louis. TC began representing Otologics in connection with its present financial difficulties in May 2012.

    L. <u>*Awards in similar cases*</u>. The fees requested are similar to other cases in this District.

**LOCAL COMPENSATION RULES AND U.S. TRUSTEE GUIDELINES**

12. On January 30, 1996, the Office of the United States Trustee promulgated guidelines for compensation and reimbursement of expenses from a bankruptcy estate (the "U.S. Trustee Guidelines"). *Reprinted* at 28 C.F.R. Part 58, Appendix. The information requested under the U.S. Trustee Guidelines not otherwise disclosed herein is as follows:

| | |
|---|---|
| **Review of Application** | This application is being sent to the Debtor simultaneously with its filing |
| **Status of Plan** | The Debtor continues to work to formulate a plan and disclosure statement. |
| **Monthly Operating Reports** | Debtor last filed an operating report for February, 2015. |
| **Quarterly Fees** | Debtor has made all quarterly fee payments due to the Office of the U.S. Trustee. |
| **Unpaid Administrative Expenses** | None, other than professional fees and ordinary course of business liabilities |
| **Cash on Hand** | The Debtor has sufficient cash on hand to make the payment of the 20% holdback. |
| **Unencumbered Funds** | There are no secured creditors holding liens on the cash on hand. |

WHEREFORE, TC respectfully requests this Court to allow attorneys' fees on an interim basis in the amount of $101,919.50, expenses on an interim basis in the amount of $22,207.51, authorizing and directing Debtor to pay all allowed fees and expenses that have not been paid to-

date under the local rules and for such other and further relief as is just and equitable.

Dated:  May 1, 2015            Respectfully Submitted,

                               THOMPSON COBURN LLP


                               By: /s/  David A. Warfield
                                   David A. Warfield (EDMo # 34288MO)
                                   dwarfield@thompsoncoburn.com
                                   One US Bank Plaza
                                   St. Louis, MO 63101
                                   Ph.  314.552.6000
                                   Fax: 314.552.7000

                               Attorneys for Otologics, LLC

### Certificate of Service

The undersigned certifies that on May 1, 2015, a true and accurate copy of the foregoing *Second Interim Application for Allowance of Fees and Expenses Filed by Thompson Coburn LLP Counsel for the Debtor* was served on all parties receiving notice through the Court's CM/ECF system.


                               /s/ David A. Warfield