UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:                              )
                                    )        Chapter 11
OTOLOGICS, L.L.C.,                  )
                                    )        Case No. 12-47045-705
        Debtor,                     )
                                    )        Hearing Date: May 27, 2015
                                    )        Hearing Time: 10:00 a.m.
                                    )

**FINAL APPLICATION FOR ALLOWANCE OF FEES AND EXPENSES**
**FILED BY ROBERTS & OLIVIA, LLC, SPECIAL COUNSEL FOR THE DEBTOR**
**(Summary of Request)**

| | |
|---|---|
| **Name of Applicant** | Roberts & Olivia, LLC |
| **Date of Approval of Employment** | Approved on an interim basis on July 25, 2012 and on a final basis on August 15, 2012 |
| **Identity of Party Represented** | Special Counsel for Debtor |
| **Time Period Requested** | November 1, 2012 through Date of Final Application |
| **Amount of Fees Requested** | $3,000 |
| **Amount of Expenses Requested** | None |
| **Previous Fee Orders** | Interim fees were approved on January 2, 2013 for $21,843.75 in and expenses for $161.30. |
| **Interim or Final Application** | Final |

COMES NOW Roberts & Olivia, LLC ("RO"), attorneys for Otologics, L.L.C. (the "Debtor") pursuant to 11 U.S.C. §§ 328, 330 and 331, and files this *Final Application for*

6136297.2

*Allowance of Fees and Expenses Filed by Roberts & Olivia, LLC Special Counsel for the Debtor*

(the "RO Fee Application") (Dkt. No. 59).  In support thereof, RO states as follows:

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and
157 and E.D. Mo. L.R. 81-9.01(B)(1).

## BACKGROUND

2.      On July 23, 2012 (the "Petition Date"), Debtor filed its Voluntary Petition for
Relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").   The
Debtor is operating its businesses and managing its properties as a debtor-in-possession pursuant
to §§ 1107(a) and 1108 of the Bankruptcy Code.

3.      On July 23, 2012, the Debtor filed an Application for Employment of Roberts &
Olivia, LLC as Special Counsel for the Debtor (the "RO Employment Application").   On July
25, 2012, the Court approved the retention of RO on an interim basis and on August 15, 2012, it
approved the retention on a final basis on August 15, 2012 (the "Retention Order").

## ROBERTS & OLIVIA, LLC ATTORNEYS' FEES AND EXPENSES

4.      On or about November 20, 2012, the Applicant filed a First Interim Application
for Allowance of Fees and expenses Filed by Roberts & Olivia, LLC, Special Counsel for the
Debtor (the "Interim Application") covering the period July 23, 2012 through October 31, 2012
(the "Interim Application Period").  In the First Interim Application, RO requested $21,843.75 in
fees and $161.30 in expenses.   On January 2, 2013, the Court entered an order approving the
application, authorizing and directing Debtor to pay to RO the remaining unpaid portion of the
approved fees and expenses (the "First Interim Order").

5.     This Final Fee Application covers the period from November 1, 2012 through the date of this application (the "Compensation Period").     The Applicant seeks allowance of an additional $3,000 in attorneys' fees incurred after the Interim Application Fee Period but before the date of this Application.

6.     Applicant maintains detailed daily records in the ordinary course of its business. These time records are prepared contemporaneously with the rendition of services to the client. These time records describe the person performing the services, the date services are rendered, a detailed description of services and the length of time spent delivering those services.   These time records are kept in increments of tenths of an hour.

7.     The services provided by Applicant have been actual and necessary.   Reasonable compensation for such services based on the time, the nature, the extent and value of such services, and the costs of such services, other than in a case under this Title, is $24,843.75. Copies of the invoices for the period November 1, 2012 through the date of this Application are attached hereto as Exhibit A and incorporated herein by this reference.[1]

8.     During the Compensation Period, RO's representation focused on drafting and finalizing a contract manufacturing agreement between Debtor and Cochlear Limited, the purchaser of substantially all of the Debtor's assets.

## INFORMATION REQUIRED BY LOCAL RULES

9.     L.B.R. 2016-1(B) and the court's Procedures Manual requires that all professional fee applications analyze the twelve factors (the "*Johnson* Factors") for allowance of compensation set forth in *Johnson v. Georgia Highway Express*, 388 F.2d 714 (5th Cir. 1974). *See also P.A. Novelly v. Palans (In re Apex Oil Co.)*, 960 F.2d 728 (8th Cir. 1992); *Chamberlain*

---

[1] Copies of the invoices for the Interim Application Period were attached to the Interim Application.

*v. Kula (In re Kula)*, 213 B.R. 729, 736-39 (B.A.P. 8th Cir. 1997); *In re Grimes*, 115 B.R. 639, 642-43 (Bankr. D.S.D. 1990).

10.     The *Johnson* Factors are as follows:

    a.   *The time and labor required*. RO has described in detail the time spent and has included complete descriptions of the tasks performed.

    b.   *The novelty and difficulty of the questions*. This representation was for consulting the Debtor in during the drafting and negotiation of a contract manufacturing agreement with the purchaser of substantially all of the Debtor's assets.

    c.   *The skill required to perform legal services properly*. RO believes that its lawyers have demonstrated consistently the skill levels necessary for the vigorous representation of the Debtor's interests.

    d.   *The preclusion of employment due to acceptance of the case*. Acceptance of this case did not preclude other employment.

    e.   *The customary fee*. The rates charged by RO in this case are commensurate with rates it charges similar clients in similar matters.

    f.   *Whether the fee is fixed or contingent*. The fees requested herein are based on neither a fixed nor contingent fee basis.

    g.   *Time limitations imposed by the client or the circumstances*. This case poses the normal time pressures inherent in any Chapter 11 case.

    h.   *The amount involved and the results obtained*. RO submits that the fees requested are appropriate.

i. *The experience, reputation, and ability of the attorneys.*  RO represents clients in the purchase and sale of businesses and other corporate matters, including medical device companies.

c. *The undesirability of the case.*   This is not an undesirable case.

d. *The nature and length of the professional relationship with the client.*  RO's relationship with the Debtor dates to October 1, 2009 and since that time RO has represented the Debtor in connection with certain of its transactional legal matters. The attorneys at RO represented Debtor prior to October 1, 2009 at their predecessor firm, Hogan & Hartson, LLP.

c. *Awards in similar cases.*  This request is commensurate with requests made in similar cases in this District.

## LOCAL COMPENSATION RULES AND U.S. TRUSTEE GUIDELINES

11.    On January 30, 1996, the Office of the United States Trustee promulgated guidelines for compensation and reimbursement of expenses from a bankruptcy estate (the "U.S. Trustee Guidelines"). *Reprinted* at 28 C.F.R. Part 58, Appendix.  The information requested under the U.S. Trustee Guidelines not otherwise disclosed herein is as follows:

| Review of Application | This application is being sent to the Debtor and other parties simultaneously with its filing. |
|---|---|
| Status of Plan | No plan is on file in this case. |
| Monthly Operating Reports | Debtor last filed an operating report for February, 2015. |
| Quarterly Fees | Debtor has made all quarterly fee payments due to the Office of the U.S. Trustee. |

| | |
|---|---|
| **Unpaid Administrative Expenses** | None, other than professional fees and ordinary course of business liabilities. |
| **Cash on Hand** | The Applicant has already been paid all but $600 of the requested fees and expenses. Debtor has access to sufficient unencumbered funds to pay the remaining amount due. |
| **Unencumbered Funds** | There are no secured creditors holding liens on the cash on hand. |

WHEREFORE, RO respectfully requests this Court to allow attorneys' fees for the entire Compensation Period in the amount of $24,843.75 and expenses in the amount of $161.30, including $3,000 in attorneys' fees incurred after the Interim Application Period, authorizing and directing Debtor to pay all allowed fees and expenses that have not been paid to date under the local rules and for such other and further relief as is just and equitable.

Dated: May 1, 2015                     Respectfully Submitted,

                                        THOMPSON COBURN LLP


                                        By: /s/  David A. Warfield
                                            David A. Warfield (EDMo # 34288MO)
                                            dwarfield@thompsoncoburn.com
                                            One US Bank Plaza
                                            St. Louis, MO 63101
                                            Ph.  314.552.6000
                                            Fax: 314.552.7000

                                        Attorneys for Otologics, LLC

## Certificate of Service

The undersigned certifies that on May 1, 2015, a true and accurate copy of the foregoing *Final Application for Allowance of Fees and Expenses Filed by Roberts & Olivia, LLC Special Counsel for the Debtor* was served on all parties receiving notice through the Court's CM/ECF system.

*/s/ David A. Warfield*